BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
NOV -1 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE LITIGATION ARISING FROM THE         )
TERMINATION OF THE RETIREMENT PLAN        )
FOR EMPLOYEES OF FIREMAN'S FUND           )     DOCKET NO. 247
INSURANCE CO. AND/OR ITS AFFILIATES       )

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

---

PER CURIAM

In 1957, the American Insurance Company, the American Automobile Insurance Company, and the Associated Indemnity Corporation (the Affiliated Companies) established a revised retirement plan for their employees (TARP). After the acquisition of the Affiliated Companies by Fireman's Fund Insurance Company (FFIC) in 1964, TARP was amended and "frozen," thereby requiring its participants to make no further contributions to the plan. Thereafter, later employees of the companies became participants in a different retirement plan, not at issue herein.

---

\* Judge Weigel was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

TARP expressly provides that the Affiliated Companies may terminate the plan at any time. Upon termination, the assets of the plan are to be distributed in a certain order of priority. First in the order of priorities is the purchase of insurance or annuity contracts sufficient to guarantee all TARP beneficiaries full payment of all amounts to which they are entitled under the retirement plan. After the satisfaction of the priority liabilities, TARP provides that the Affiliated Companies are entitled to any balance of the net assets of the plan's trust fund which may remain because of erroneous actuarial computations.

In the Fall of 1975, the Affiliated Companies decided to terminate TARP in accordance with its terms and provisions. Accordingly, on two occasions, notices were sent to participants, retirees and vested employees, explaining the companies' intention to terminate TARP. These notices provided that all participants would become fully vested, regardless of their length of service, and that all affected persons would receive a fully insured right to the retirement income to which they would have been entitled under TARP. Finally, the notices stated that it was contemplated that an existing actuarial

surplus in the approximate amount of $12,000,000 would be returned to the Affiliated Companies, in accordance with the terms of TARP.

A number of persons responded to the notices, many of whom challenged the propriety of the return of the actuarial surplus to the Affiliated Companies. One of the factual bases asserted in opposition to the plan of termination was certain language contained in descriptive booklets previously delivered to participants, stating that in the event the plan was terminated, all the funds held in trust would be used for the benefit of retired employees, active participants and the beneficiaries of deceased employees.

Fireman's Fund American Life Insurance Company (FFALIC), which had issued a group annuity contract to fund TARP and serves as a fiduciary therefor, subsequently instituted an action in the District of New Jersey pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., against the Affiliated Companies and FFIC for a judgment declaring the proper disposition of the actuarial surplus upon the termination of TARP, and

whether the proposed termination plan both complies with the terms and provisions of TARP and is lawful under all applicable state and federal laws.

Thereafter, an action was commenced in the Western District of Missouri by six TARP participants on behalf of themselves and all other similarly situated TARP participants against FFALIC, FFIC, TARP, the Affiliated Companies, and two officers of all these defendants' Employee Benefit Administration Committee, questioning the legality of the proposed plan of termination. This action was also instituted pursuant to ERISA and the Declaratory Judgment Act, and seeks a declaration that the monies held by defendant TARP belong to plaintiffs, as well as compensatory damages because of defendants' alleged breach of their fiduciary duties to plaintiffs.

In the New Jersey action, the defendants answered with a counterclaim against plaintiff FFALIC for a judgment declaring that the proposed termination plan both conforms to the termination provisions of TARP and is lawful under all federal and state laws, and that the Affiliated Companies are entitled to receive the actuarial surplus

accrued in TARP upon termination of the plan. Later, Francis Van Orman, a pensioner under TARP and a former general counsel, vice president and director of FFIC, moved to intervene as a defendant on his own behalf and on behalf of all similarly situated TARP participants. Leave to intervene was granted by the New Jersey court, and Mr. Van Orman, as a purported class representative, filed a counterclaim against plaintiff, and a cross-claim against the corporate defendants, challenging the termination plan and asserting that any actuarial surplus should be accrued for the benefit of the class. The corporate defendants then cross-claimed against defendant Van Orman for a judgment declaring that the proposed termination plan is proper both under the termination provisions of TARP and all state and federal laws, and that the Affiliated Companies are entitled to receive the actuarial surplus accrued in TARP upon its termination. Mr. Van Orman next filed a motion seeking class certification pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, which the New Jersey court later granted.1/

___

1/ After actual knowledge of the pendency of the New Jersey action and actual notice of the motion for class certification, the Missouri plaintiffs sent a letter to the court objecting to Mr. Van Orman as the class representative because of his close ties to FFIC. The Missouri plaintiffs did not appear at the class certification hearing, however. After the New Jersey court's ruling, plaintiffs continued to challenge Mr. Van Orman as the proper class representative by writing letters to the court.

In the Missouri action, the defendants filed a counterclaim against plaintiffs for a judgment declaring that the proposed termination plan both complies with the termination provisions of TARP and is lawful pursuant to all federal and state laws, and that the defendant Affiliated Companies are entitled to receive the actuarial surplus of TARP upon its termination. The defendants then moved that the Missouri action be stayed pending the final adjudication of the New Jersey action, or that the action be transferred to the District of New Jersey under 28 U.S.C. §1404(a) on the grounds that the major parties and operative legal and factual issues were identical in the Missouri and New Jersey actions. The Missouri court denied this motion without prejudice to renewal before trial. In addition, the Missouri plaintiffs moved for class certification pursuant to Rule 23(b)(1) and (b)(2) of the <u>Federal Rules of Civil Procedure</u>. This requested plaintiffs' class action is identical to the intervening-defendant class action previously certified in the New Jersey action. Plaintiffs' motion for class certification has not yet been decided.

The Missouri plaintiffs have moved the Panel for an order transferring the New Jersey action to the Western District of Missouri pursuant to Section 1407. FFALIC, the sole plaintiff in the New Jersey action and a defendant in the Missouri action, the Affiliated Companies and FFIC, defendants in both actions, and the two individuals and TARP, defendants in the Missouri action, initially opposed transfer, but have subsequently cross-moved the Panel for an order transferring the Missouri action to the District of New Jersey for Section 1407 treatment with the action pending there. Mr. Van Orman, representative of the intervening-defendant class in the New Jersey action, opposes Section 1407 proceedings in this litigation and, in the alternative, favors the District of New Jersey as the transferee forum.

We find that these actions share common questions of fact and that transfer of the Missouri action to the District of New Jersey under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All parties, with one exception, agree that Section 1407 transfer is warranted because these actions involve virtually identical factual questions and parties. In addition, the Missouri plaintiffs favor transfer to a single

forum because of the possibility, if not the likelihood, of inconsistent or overlapping class action determinations in these actions. Defendant Van Orman acknowledges that these actions share complex questions of fact and common parties, and that the common factual questions predominate over any issues unique to either action; nevertheless, he opposes Section 1407 proceedings in this litigation because, he contends, the New Jersey court's certification of a Rule 23(b)(1) and (b)(2) class clearly includes the Missouri plaintiffs and will have the effect of barring the prosecution of the Missouri action. Mr. Van Orman argues that the Missouri plaintiffs' Section 1407 motion is nothing more than an attempt to collaterally attack his qualifications as the representative of the New Jersey class.

We agree that these actions share complex questions of fact concerning the proper distribution of TARP's alleged actuarial surplus and that these common factual questions are predominant. Thus, transfer of these actions to a single forum under Section 1407 will prevent duplication of discovery. Another compelling reason for transfer of these actions to a single district for coordinated or consolidated

pretrial proceedings is the need to eliminate the possibility of overlapping or inconsistent class determinations by courts of coordinate jurisdiction. See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1385-86 (J.P.M.L. 1974); In re Clark Oil and Refining Corporation Antitrust Litigation, 364 F. Supp. 458, 459 (J.P.M.L. 1973). Furthermore, the assignment of these actions to the same judge is surely the most efficient way to resolve the questions of proper class representation and the effect of each of these actions on the other.

The Missouri plaintiffs urge the Western District of Missouri as the transferee forum for this litigation principally on the assertion that that district is more centrally and conveniently located in relation to the majority of the relevant documents and witnesses. We believe that either the Western District of Missouri or the District of New Jersey could be described as an appropriate transferee district for this litigation. On balance, however, we are presuaded that the District of New Jersey is the more preferable transferee forum because, on the basis of the record before us, the pretrial proceedings in the New Jersey action appear to be more advanced than those in the Missouri action. See In re Bestline Products Securities and Antitrust Litigation, 375 F. Supp. 926, 928 (J.P.M.L. 1976).

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Western District of Missouri be, and the same hereby is, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable H. Curtis Meanor for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the action pending in that district and listed on Schedule A.

MDL-247 -- IN RE LITIGATION ARISING FROM THE TERMINATION OF THE RETIREMENT PLAN FOR EMPLOYEES OF FIREMAN'S FUND INSURANCE CO. AND/OR ITS AFFILIATES

## SCHEDULE A

### WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ulice M. Hoover, et al. v. Fireman's Fund Insurance Co., et al. | Civil Action No. 75 CV814-W-1 |

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| Fireman's American Life Insurance Co., v. The American Insurance Co., et al. | Civil Action No. 75-2007 |